

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1427-13

**VANESSA CAMERON, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTH COURT OF APPEALS
BEXAR COUNTY**

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

The Court says that "this Court accepts as true factual assertions made by counsel which are not disputed by opposing counsel," and that is correct. But the Court applies the concept in this case to accept as true "that the appellant's friends and family were ushered out of the courtroom *and not allowed back in*."[1] Whether the friends and family were allowed back in was, in fact, disputed.

In affidavits filed in response to appellant's motion for new trial, one of the bailiffs said that standard procedure was to clear the courtroom to let the jurors be seated, but he swore that he never said that no one could come back into the courtroom and he never told anyone to leave the

_____

[1] Emphasis added.

courthouse. Another bailiff swore that no one was excluded from the courtroom with the intention of not being allowed to watch the trial, including voir dire. The trial court found as a fact that the bailiffs cleared the courtroom in order to make room to bring the venire panel in and get them organized and seated, but they did not tell any spectators that they were not allowed to watch the voir dire or any other part of the proceedings.

I think Justice Angelini's dissent in the court of appeals was exactly right: appellant failed to satisfy her burden of showing that the voir dire was not open to the public.[2] Justice Angelini pointed out that the trial court offered to open up the doors into the courtroom and allow spectators to stand in the hallway area leading into the courtroom to watch the proceedings.[3] Defense counsel suggested that opening the doors would be acceptable if chairs were put in the hallway area for the spectators to sit.[4] The trial court replied that there were not enough chairs but that the spectators could stand in the hallway area and watch.[5] Defense counsel demanded a ruling, but the trial court replied that he had never ruled that people had been excluded from the courtroom and he was not sure what defense counsel was objecting to.[6] Defense counsel never responded to the trial court's suggestion that the doors be opened and spectators be allowed to stand and watch the voir dire

---

[2] *See Cameron v. State*, 415 S.W.3d 404, 412-20 (Tex. App.–San Antonio 2013, pet. granted) (Angelini, J., dissenting).

[3] *See id.* at 416, 419.

[4] *Id.* at 416.

[5] *Id.*

[6] *Id.*

proceedings.[7]

The trial court told defense counsel on the record, "[W]e can open up those doors in the back and have them stand to where they can observe and hear every single thing that's going on." At that point, defense counsel had the option of saying, "Okay." The fact that he didn't (if he didn't) should not be held against the judge, who had made a suggestion that, if followed, would have allowed the spectators to view the proceedings.

I agree with Justice Angelini that appellant has failed in her burden to show that the courtroom was not open to the public.

I respectfully dissent.

Filed: October 8, 2014
Publish

---

[7] *Id.*